UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SAMMIE L. BOOKER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:10-CV-017 RM |
| | ) | |
| SUPERINTENDENT, INDIANA | ) | |
| STATE PRISON, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Sammie Booker, a prisoner confined at the Indiana State Prison ("ISP"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging that over a period of several years, ISP officials took a substantial amount of money from the prison recreation fund and spent it in a way "that is not in any way beneficial to the prisoners at I..S.P." (Complaint at 3). Mr. Booker asks the court to order the defendants to restore these funds to the recreation fund and to award hin twenty million dollars "for pain and suffering that has been a direct result of a criminal act that was initiated by the staff here at the I.S.P." (Complaint at 5).

Courts review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as

when addressing a motion under FED. R. CIV. P. 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> . . . only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
>   In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity
> and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-1950 (2009) (quotation marks and citations omitted).

Mr. Booker brings this suit under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Burrell v. City of Mattoon, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Booker alleges that ISP officials misspent money in the prison's recreation fund. Neither the Constitution nor laws of the United States mandate that state penal facilities have an inmate recreation fund or how money in such funds is to be spent. In the absence of a federally created right to contents of the recreation fund, a federal court may only review claims relating to the recreation fund if a state creates a property interest for inmates in those funds. See Eubanks v. McCotter, 802 F.2d 790, 794 (5th Cir. 1986), in which the court held that the "appellants' claim that they have a state-created property interest in the 'Education and Recreation Fund' is not frivolous on its face," citing O'Connell v. Southworth, 422 F.Supp. 182, 185 (D.R.I.1976), in which the parties stipulated that Inmates Welfare Fund, derived from profits from vending machines, inmate store, etc., "belongs to the inmates."

Indiana hasn't created a property interest on behalf of inmates in money placed in a facility's recreation fund. In Indiana, the Inmates' Recreation Fund doesn't belong to the inmates, but is to be used by institutional officials "for the direct benefit of persons who are

3

inmates or patients in such institutions, and shall not be used for any purposes which are covered by state appropriations." IC 4-14-6-6(b). Because Indiana hasn't created a property interest on behalf of inmates in the Inmates' Recreation Fund there is no basis for this court to review Mr. Booker's claim that ISP officials spent money from the fund in a way that was not beneficial to prisoners in violation of IC 4-14-6-6 . *See* <u>Hendrix v. Evans</u>, 715 F.Supp. 897, 914 (N.D.Ind. 1989) (court declined to dictate to ISP officials on how funds in the Inmate Recreation Fund were to be spent). If Mr. Booker believes that ISP officials violated state law by spending money from the recreation fund for things that did not benefit inmates at the ISP, his remedy lies in the state courts.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(1), the court DISMISSES this complaint.

SO ORDERED.

ENTERED: January  22 , 2010

/s/ Robert L. Miller, Jr.

Chief Judge
United States District Court

cc: S. Booker

4